1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8

9  | Donald Kevin Leacock, | No.  CV-16-08168-PCT-JJT (DMF)
10 |              Petitioner, | **REPORT AND**
11 | v. | **RECOMMENDATION**
12 | Charles L. Ryan, et al.,
13 |              Respondents.

14
15 **TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:**

16          Petitioner Donald Kevin Leacock ("Petitioner" or "Leacock") is currently
17 incarcerated in the Arizona State Prison Complex-Florence in Florence, Arizona.
18 Petitioner plead guilty in the Coconino County Superior Court, cases #CR2008-0187 and
19 #CR2008-0511, to one count each of sexual exploitation of a minor, attempted sexual
20 exploitation of a minor, child abuse, and vulnerable adult abuse.  Petitioner is serving a
21 30 year aggregate imprisonment sentence for all of the charges except for attempted
22 sexual exploitation of a minor, for which he was placed on lifetime probation.  Petitioner
23 filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254
24 ("Petition") (Doc. 1) on July 11, 2016.  In an August 1, 2016, Order (Doc. 3), the Court
25 required an answer to the Petition.  Respondents filed a Limited Answer (Doc. 9),
26 asserting, among other things, that the Petition should be dismissed as untimely under the
27 Antiterrorism and Effective Death Penalty Act ("AEDPA").  Petitioner filed a Reply
28 (Doc. 16), and the matter is fully briefed.  For the reasons below, the Court recommends
that the Petition be denied as untimely because it was filed more than five  years after

AEDPA's 1-year statute of limitations expired.

## I.   BACKGROUND

### A.   Proceedings Leading to Conviction and Sentence

In two separate indictments, Petitioner was charged with three counts of child abuse, eight counts of sexual conduct with a minor, three counts of sexual exploitation of a minor[1], one count of vulnerable adult abuse, and two counts of threatening and intimidating as well as twenty four counts of sexual exploitation with a minor (Exh. A, Doc. 10 at p. 2-8; Doc. 1-1 at p. 9-15).[2]   On July 22, 2008, Petitioner pled guilty to one count each of sexual exploitation of a minor, attempted sexual exploitation of a minor, child abuse, and vulnerable adult abuse, and the numerous remaining charges were dismissed pursuant to the plea agreement (Exhs. B, C; Doc. 10 at p. 9-14, p. 15-18).   The counts of conviction involve three separate victims (Exh. A, Doc. 10 at p. 2-8; Doc. 1-1 at p. 9-15).[3]   On September 5, 2008, the trial court placed Petitioner on lifetime probation for attempted sexual exploitation of a minor and sentenced him to an aggregate term of 30 years' imprisonment for the remaining counts (Exh. D, Doc. 10 at p. 19-28).

### B.   Appeal and PCR Proceedings

Petitioner did not appeal his conviction and sentence, which he could not do, in any event, because he was convicted by plea agreement (Doc. 1 at p. 2-3).[4]   Petitioner initiated several PCR proceedings in the state courts (*see* Doc. 1 at p. 4).

Petitioner filed a first notice of post-conviction relief on November 6, 2008 (Exh. E, Doc. 10 at p. 29-32).   Appointed counsel for Petitioner filed a notice, stating that

---

[1] Sexual exploitation of a minor is Arizona's child pornography law.  See A.R.S. §13-3551 et. seq.

[2] The referenced alphabetical exhibits were submitted with Respondents' Limited Answer, Doc. 9, with attachments as Docs. 10-15.  The document and page references herein are to this Court's electronic record.

[3] The prosecution's summary of the investigation and charged conduct can be found at Doc. 11-1 at p. 3-5.

[4] *See A.R.S. § 13–4033(B); Summers v. Schriro*, 481 F.3d 710, 711-717 (9th Cir. 2007) (concluding that an "'of right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty or no contest, is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1)")

counsel had "been unable to find any argument to present" (Exh. F, Doc. 10 at p. 33-35). The post-conviction court gave Petitioner 45 days to file a pro se petition for post-conviction relief (Exh. G, Doc. 10 at p. 36-37). On March 12, 2009, Petitioner filed a petition for post-conviction relief (Exh. H, Doc. 10 at 38-`48). The State responded to the petition (Exh. I, Doc. 11 at p. 1-50). The post-conviction court appointed counsel, and on September 8, 2009, Petitioner's appointed counsel filed a notice of non-supplementation, stating that he had found "no arguable and no colorable issues to present" to the court (Exh. J, Doc. 12-1 at p. 2-4). On September 17, 2009, the post-conviction court dismissed the proceeding (Exh. K, Doc. 12-2 at p. 5-6) Petitioner did not file a petition for review in the Arizona Court of Appeals regarding his first PCR proceeding (Doc. 1 at 5).

On May 22, 2013, Petitioner filed another notice of post-conviction relief, and on June 21, 2013, he filed a third petition for post-conviction relief (Exhs. L, M, Doc. 12-3 at p. 1-6, Doc. 13 at p. 1-36).[5] The State responded (Exh. N, Doc. 14 at p. 2-11), and Petitioner replied (Exh. O, Doc. 14 at p. 12-16). On July 23, 2013, the post-conviction court summarily dismissed the petition (Exh. P, Doc. 14 at p. 17-18). On August 6, 2013, Petitioner filed a petition for review in the Arizona Court of Appeals (Exh. Q, Doc. 14 at p. 19-21). The State responded (Exh. R, Doc. 14 at p. 22-35), and Petitioner replied (Exh. S, Doc. 14 at p. 36-47). On February 12, 2015, the Arizona Court of Appeals granted review, but denied relief (Exh. T, Doc. 15 at p. 2-5). The court of appeals wrote:

> [Petitioner] could have raised all of these issues in his first petition for post-conviction relief. Any issue a defendant could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply. The non-jurisdictional aspects of [Petitioner's] claims – the indictment, the search, and the alleged prosecutorial misconduct – were waived when he plead guilty. A plea agreement waives all non-jurisdictional defenses, errors and defects which occurred before the plea. [Citations omitted]. This includes deprivations of

---

[5] Petitioner asserts that he filed his second petition for post-conviction relief on March 13, 2015 (Doc. 1 at p. 4), but that appears to be in error, particularly given that he asserts the result was issued on February 12, 2015 (*id.*), consistent with Respondent's exhibits.

constitutional rights. [Citation omitted].

(Exh T, Doc. 15 at p. 5).

Petitioner filed a petition for review in the Arizona Supreme Court (Exh. U, Doc. 15 at p. 6-36).  On September 16, 2015, the Arizona Supreme Court summarily denied the petition (Exh. V, Doc. 15 at p. 37-38).   Petitioner did not file a petition for writ of certiorari in the United States Supreme Court (*see* Doc. 1 at p. 10)

## II.    PETITIONER'S HABEAS CLAIMS

In his July 11, 2016[6] Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.  Petitioner raises three grounds for relief.

In Ground One (Doc. 1 at p. 6), Petitioner contends that his due process rights under the Fifth, Sixth, and Fourteenth Amendments were violated. He claims the indictment failed to include essential elements, such as a concise statement of the facts, the location where the crimes occurred, and the victim's true name and age or date of birth.  Petitioner also asserts that the State failed to provide protection against double jeopardy and failed to allege that the victim was Petitioner's wife when the crimes were committed, therefore making legal his possession of photographs of her.

In Ground Two (Doc. 1 at p. 7), Petitioner claims his due process rights were violated because the indictments were duplicative and defective.  Petitioner contends that the indictments allege multiple acts in each count; reiterates his assertions that the indictments lacked essential elements; and claims the detective involved in the case was only interested in the age difference between the 50-year-old Petitioner and his 16-year-old victim, rather than the fact that the victim had been emancipated and was legally married to Petitioner.

In Ground Three (Doc. 1 at p. 8), Petitioner contends his Fifth and Fourteenth

---

[6] This is the date Petitioner delivered the Petition to prison officials (Doc. 1 at 12), as indicated by the date he inscribed next to his signature, *see Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (stating a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (applying the mailbox rule in the context of a habeas petition).

Amendment rights were violated because the State lacked subject-matter jurisdiction because the indictment did not include essential elements.

Respondents assert the following regarding the Petition:

Petitioner's habeas petition is untimely, and he is not entitled to statutory or equitable tolling. In addition, each of his claims is procedurally defaulted, and Petitioner has not shown cause and prejudice to excuse the default of his claims. Petitioner also waived each of his claims by pleading guilty. Petitioner's claims, which relate to the sufficiency of the indictment, are not cognizable on federal habeas because he does not assert that the indictment gave him constitutionally insufficient notice of the charges. Finally, to the extent that Petitioner's claims assert only errors of state law, they are not cognizable in federal habeas. Therefore, this Court should deny and dismiss the habeas petition with prejudice.

(Doc. 9 at p. 2).

## III. LEGAL ANALYSIS

### A. AEDPA's Statute of Limitations and Statutory Tolling

A threshold issue for the Court is whether the habeas petition is time-barred by the statute of limitations.  The time-bar issue must be resolved before considering other procedural issues or the merits of any habeas claim.  *See White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Petitioner's habeas petition because he filed it after April 24, 1996, the effective date of the AEDPA.  *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (citing *Smith v. Robbins*, 528 U.S. 259, 267 n.3 (2000)).

#### 1. One Year Limitations Period

Under the AEDPA, a state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  If a defendant is convicted pursuant to a guilty or no contest plea, then the first post-conviction proceeding is considered a form of direct review and the conviction becomes "final" for purposes of Section 2244(d)(1)(A) when the Rule 32 of right proceeding concludes.  *Summers v. Schriro*,

481 F.3d 710, 711 (9th Cir. 2007) (conviction pursuant to plea agreement is final on expiration of the time for seeking Rule 32 relief).

Petitioner plead guilty pursuant to a plea agreement and was sentenced on September 5, 2008.  On November 6, 2008, Petitioner timely initiated his first PCR proceeding by filing a PCR notice.   On March 12, 2009, Petitioner filed a petition for post-conviction relief.  The State responded to the petition.  The post-conviction court appointed counsel, and on September 8, 2009, Petitioner's appointed counsel filed a notice of non-supplementation, stating that he had found "no arguable and no colorable issues to present" to the court. On September 17, 2009, the post-conviction court dismissed the proceeding. Petitioner did not file a petition for review in the Arizona Court of Appeals.  Petitioner thereafter had 35 days to file a petition for review in the Arizona Court of Appeals, see Ariz. R. Crim. P. 32.9(c), Ariz. R. Crim. P. 1.3, which he failed to do (*see* Doc. 1 at p. 5).  A prisoner is not entitled to the 90 days for filing a petition for writ of certiorari if he did not take the matter to the state supreme court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 654 (2012).

Consequently, the convictions became final 35 days after the superior court's dismissal of the first post-conviction relief proceeding., and AEDPA's one-year statute of limitations began running on October 23, 2009, the date on which Petitioner could no longer seek further review.  *See Summers*, 481 F.3d at 711-717; *see also* Ariz. R. Crim. P. 32.9(c) (requiring a petition for review that challenges the final decision in a PCR proceeding be filed with the Arizona Court of Appeals within 30 days); *State v. Savage*, 573 P.2d 1388, 1389 (Ariz. 1978) (holding that Rule 1.3 from the Arizona Rules of Criminal Procedure allows 5 additional days for mailing).  Therefore, in the present case, AEDPA's 1-year statute of limitations began to run on October 23, 2009, and expired one year later, on October 23, 2010, unless a second, timely PCR proceeding was filed, which would have tolled the limitations period.  *See Patterson*, 251 F.3d at 1245-46; section III(A)(2), *infra*.

2.     Statutory Tolling

Under the AEDPA, the one-year limitations period is tolled during the time that  a

"properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). A state petition that is not filed within the state's required time limit, however, is not "properly filed," and is thus not entitled to statutory tolling. *Allen v. Siebert*, 552 U.S. 3, 6–7 (2007) (finding that inmate's untimely state post-conviction petition was not "properly filed" under AEDPA tolling provision); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

Petitioner filed his second post-conviction relief proceeding on May 22, 2013; by then, the AEDPA one year time limit had already expired. Once the one-year AEDPA time limit has passed, a habeas petitioner cannot restart his federal time limit by filing an action in state court. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). "'[A] properly and timely filed petition in state court only tolls the time remaining in the federal limitation period.'" *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (quoting *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001)). There can be no tolling following the expiration of the limitation period because "there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

Despite Petitioner's argument otherwise (*see* Doc. 16 at p. 2-3), Petitioner's second, untimely PCR petition did not statutorily toll the running of the limitations period because an untimely petition is not a "properly-filed" application, and does not toll the running of the statute. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)") (internal quotation omitted); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). Further, a second PCR proceeding that is deemed untimely does not toll the time between the first and second PCR proceedings. *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007).

Therefore, Petitioner was required to file his federal habeas petition by October

23, 2010, absent any equitable tolling or showing actual innocence under *Schlup v. Delo*, 513 U.S. 298, 327 (1995). *See* sections III(A)(3)&(4), *infra*.

### 3. Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). However, for equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" to prevent him from timely filing a federal habeas petition. *Id*. at 649 (quoting *Pace v. DiGuglielma*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted).

Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted); *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that equitable tolling is "unavailable in most cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations and internal emphasis omitted). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007).

While Petitioner gives no basis for equitable tolling in his Petition (Doc. 1 at p. 11), in his reply, Petitioner asserts one basis (Doc. 16). Petitioner asserts that he is entitled to equitable tolling because of the restrictions on legal resources and the like while he has been incarcerated (*see* Doc. 16 at p. 3).

A petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *see also*

*Ballesteros v. Schriro*, CIV-06-675-PHX-EHC (MEA), 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances).  Further, a prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

In *Ramirez v. Yates*, the petitioner argued that he had limited access to the law library and copy machine during the period in which he remained in administrative segregation.  *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009).  In denying equitable tolling for that period of time, the Ninth Circuit has stated that "[o]rdinary prison limitations on [petitioner's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner.  Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule—according to [petitioner's] theory, AEDPA's limitations period would be tolled for the duration of any and every prisoner's stay in administrative segregation, and likely under a far broader range of circumstances as well." *Id.*; *see also Gutierrez-Valencia v. Ryan*, No. CV-12-01318-PHX-JAT, 2014 WL 1762978, at *5 (D. Ariz. May 5, 2014) (where petitioner did not allege a complete lack of access to his legal file, only his being housed in lock down status in a maximum security facility, court held that "Petitioner has not provided this Court with any specific details regarding what legal materials he was seeking and how they would be of assistance in his habeas filing . . . [and] Petitioner does not dispute that his lock down status is an ordinary prison limitation.").

Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner has failed to meet his burden of showing extraordinary circumstances or reasonable diligence that would justify equitable tolling.  Additionally, the undersigned has reviewed the record and it does not reveal any extraordinary circumstances that prevented Petitioner from filing a timely federal habeas corpus petition.    It is recommended that the Court find that Petitioner is not entitled to equitable tolling of AEDPA's one-year statute of limitations.

### 4.    Actual Innocence/*Schlup* Gateway

Petitioner claims he has shown actual innocence under *Schlup v. Delo*, entitling him excuse from AEDPA's one year statute of limitations (Doc. 16 at p. 6-7).   Petitioner is correct that if a district court finds that a federal habeas petition is untimely, the untimeliness may be excused by an equitable exception to AEDPA's statute of limitations.  In *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1931–34 (2013), the Supreme Court held that the "actual innocence gateway" to federal habeas review that was applied to procedural bars in *Schlup v. Delo,* 513 U.S. 298, 327 (1995) and *House v. Bell,* 547 U.S. 518 (2006) extends to petitions that are time-barred under AEDPA.  The "actual innocence gateway" is also referred to as the "*Schlup* gateway" or the "miscarriage of justice exception."

To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the crime and not mere legal insufficiency.  *See Bousley v. U.S.,* 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart,* 340 F.3d 877, 882–83 (9th Cir.2003). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."  *Schlup,* 513 U.S. at 324.  *See also Lee v. Lampert,* 653 F.3d 929, 945 (9th Cir.2011); *McQuiggin,* 133 S.Ct. at 1927 (explaining the significance of an "[u]nexplained delay in presenting new evidence").  A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *McQuiggin,* 133 S.Ct. at 1935 (quoting *Schlup,* 513 U.S. at 327)).  Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected."

*Shumway v. Payne,* 223 F.3d 982, 990 (9th Cir.2000) (citing *Calderon v. Thomas,* 523 U.S. 538, 559 (1998).

For the *Schlup*/actual innocence gateway in habeas cases challenging a conviction by guilty plea, such as in this case, the considerations may differ in some respects. First, it is unclear "whether the *Schlup* actual innocence gateway always applies to petitioners who plead guilty." *Smith v. Baldwin,* 510 F.3d 1127, 1140 n. 9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas.... For purposes of our analysis, however, we assume without deciding that the actual innocence gateway is available to [the plea-convicted habeas petitioner].").

Decisions in which the Ninth Circuit or United States Supreme Court have considered gateway claims of actual innocence in a plea context involved case law subsequent to conviction that arguably rendered the defendant's acts non-criminal. *See, e.g. Bousley v. United States,* 523 U.S. 614, 621–23 (1998); *Vosgien v. Persson,* 742 F.3d 1131, 1134–35 (9th Cir. 2013) ("One way a petitioner can demonstrate actual innocence is to show in light of subsequent case law that he cannot, as a legal matter, have committed the alleged crime"); *United States v. Clark-Aigner*, No. 3:02-CR-00007-01-JWS, 2014 WL 3058391, at *2 (D. Alaska July 7, 2014) (the *Schlup* gateway cannot be "based upon an interpretation of a statute that had already been determined at the time of" the judgment of conviction being challenged); *see also U.S. v. Avery,* 719 F.3d 1080, 1084–85 (9th Cir. 2013) (allowing actual innocence gateway based on a United States Supreme Court case decided several years after the petitioner's conviction).

Petitioner alleges no change in law and no new evidence in support of his request for Schlup/actual innocence relief from the untimeliness of the Petition. Petitioner argues that because he was married one of the victims in June, 2007, when he was fifty years old and she was fifteen years old, Petitioner could have sexually explicit photos of that victim. Petitioner also supplies a certified copy of the marriage certificate (Doc. 1-1 at p. 22-23). Yet, Petitioner asserts no change in law under which he conduct was considered criminal when he plead guilty but that the same conduct now would not be considered

violative of the criminal laws under which he plead guilty.

Petitioner's argument is, in any event, fatally flawed because it is not legal under Arizona law to have sexually explicit photos of a fifteen year old spouse, and Petitioner has presented the Court with no applicable law supporting his argument.   While marriage is a defense to Arizona's statutory rape law, see A.R.S. §13-1407(D), it is not a defense to child abuse under A.R.S. §13-3623(B)(1) or sexual exploitation of a minor under A.R.S. §13-3553(A)(2).

Further, Petitioner received the benefit of over twenty five counts, some more serious than his counts of conviction, being dismissed as part of his plea agreement.  This alone disqualifies Petitioner for *Schlup*/actual innocence relief from convictions resulting from his guilty pleas.   "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."   *Bousley v. United States,* 523 U.S. at 624.  Here, "Otherwise, a petitioner could escape criminal liability because of a prosecutor's leniency in agreeing to conviction on less serious, but now invalid, counts in obtaining the plea."  *Vosgien v. Persson*, 742 F.3d at 1136.

Petitioner has not demonstrated actual innocence of all of the more serious charges which were dismissed as part of his plea agreement.   Indeed, even if Petitioner was correct (and he is not) that the marriage certificate may have been a defense to the charges against him involving his wife after marriage, multiple charges from conduct before the marriage were dismissed as part of the plea agreement.  For example, the first five counts of the indictment in #CR20050551 (Doc. 10 at pages 3-4) were for child abuse with the risk of death or serious bodily injury, sexual conduct with a minor, and sexual exploitation of a minor (knowingly recording, filming, or the like a minor while engaged in sexual conduct or exhibition) when the victim was fourteen or fifteen years old and before the date of the marriage certificate.  Further, count 13 of the indictment, which was dismissed as part of the plea agreement, alleged that Petitioner intentionally and knowingly solicited or commanded the victim to engage in sexual intercourse or oral contact with another minor victim (Doc. 10 at p. 7).  Dismissed count 15 alleged that

Petitioner knowingly distributed a sexually explicit photo taken of the victim two and a half years before the date on the marriage certificate (Doc. 10 at p. 8). Petitioner has not made any showing of actual innocence of such dismissed charges, let alone the substantial showing of actual innocence required by *Schlup*.

As explained above, Petitioner's argument and the evidence he presents to the Court (the marriage certificate) are insufficient to establish an actual innocence/*Schlup* gateway claim to excuse the statute of limitations. *See Larsen v. Soto,* 742 F.3d 1083, 1096 (9th Cir. 2013) ( "[W]e have denied access to the *Schlup* gateway where a petitioner's evidence of innocence was merely cumulative or speculative or was insufficient to overcome otherwise convincing proof of guilt."). The undersigned recommends that the Court find that Petitioner cannot pass through the actual innocence/*Schlup* gateway to excuse the untimeliness of this federal habeas proceeding.

## IV.    CONCLUSION

Petitioner filed the pending Petition after the expiration of the AEDPA statute of limitations and statutory and equitable tolling do not render the petition timely. Further, Petitioner has not made an actual innocence showing entitling him to relief from AEDPA's statute of limitations. Accordingly, the Petition is untimely under 28 U.S.C. § 2244(d)(1). Because the Petition is untimely, the Court does not consider Respondents' alternative grounds for denying habeas corpus relief. The Court will therefore recommend that the petition be denied and dismissed.

Assuming the recommendations herein are followed in the District Judge's judgment, the District Judge's decision will be on procedural grounds. Under the reasoning set forth herein, reasonable jurists would not find it debatable whether the District Court was correct in its procedural ruling. Accordingly, to the extent the Court adopts this Report and Recommendation as to the Petition, a certificate of appealability should be denied.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be DENIED because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 16th day of November, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge